UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT COLSON,

        Plaintiff,

  v.                                    Case No. 13-C-881

CAROLYN COLVIN,

        Defendant.

**ORDER GRANTING MOTION TO DISMISS**

In this Social Security appeal, the Defendant has moved to dismiss on the ground that the Plaintiff failed to file this action within the proper time allotted. Under 42 U.S.C. § 405(g), judicial review in federal district court is available under the following conditions: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

On February 28, 2013, the Appeals Council granted Plaintiff an extension of time, allowing him 65 days from the date of that letter in which to file his appeal. (ECF No. 15-2 at 6.) This was not a 65-day extension from the original due date, however, because Plaintiff's appeal would otherwise have been due 65 days from February 1, 2013, the date the Appeals Council denied review. In other words, following the extension the appeal would now be due May 6, 2013 instead of the original date of April 8.

Plaintiff again requested an extension. On May 20, the Appeals Council granted Plaintiff 65 days from the date of that letter in which to file his appeal. (ECF No. 15-2 at 10.) This

effectively worked as a roughly 80-day extension from the original due date, because it extended the deadline 65 days not from the previous due date (May 6) but from the date of the letter granting the extension (May 20).

The long and short of it is that Plaintiff had until July 24, 2013 (65 days after May 20) in which to file this civil action. He did not file this action until August 1—a week late. He does not provide any explanation for this delay, even though the time limit is not jurisdictional and may be waived or tolled for equitable reasons. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). A litigant is entitled to equitable tolling, for example, if he demonstrates that he diligently pursued his rights but that some extraordinary circumstance prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). The reach of equitable tolling in 405(g), however, is "narrow." *Johnson v. Sullivan*, 922 F.2d 346, 355 n. 5 (7th Cir.1990). Plaintiff has made no such showing here. His only reference to his late filing is his assertion that he was granted a total of a 130-day extension to file his action. It is clear from each letter he received from the Commissioner, however, that the extension given ran from five days after the date of the letter. The Commissioner has raised the matter in its motion to dismiss, its first response to the complaint, and thus no waiver can be found. Plaintiff has offered no reason why the limitation should not be enforced. The complaint is therefore dismissed as untimely.

The motion to dismiss is **GRANTED,** and the case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this   25th   day of February, 2014.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

2